12-2405-cv
*Fattoruso v. Hilton Grand Vacations Co., LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand thirteen.

PRESENT: JOHN M. WALKER, JR.,
ROBERT D. SACK,
RICHARD C. WESLEY,
   *Circuit Judges.*

---

THOMAS FATTORUSO,

   *Plaintiff-Appellant*,

  v.         12-2405

HILTON GRAND VACATIONS COMPANY, LLC,

   *Defendant-Appellee.*

---

FOR APPELLANT:  WALKER G. HARMAN, JR. (Peter J. Andrews, *on the brief*), The Harman Firm, PC, New York, NY.

FOR APPELLEE:  DIANE WINDHOLZ (Orla J. McCabe, *on the brief*), Jackson Lewis LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York is **AFFIRMED.**

Plaintiff-Appellant Thomas Fattoruso ("Fattoruso") appeals from a June 11, 2012 Opinion and Order from the United States District Court for the Southern District of New York (Forrest, *J.*) granting Defendant-Appellee Hilton Grand Vacations Company LLC's ("Hilton") motion to dismiss the complaint under Rule 12(b)(6). Fattoruso alleged that Hilton violated the New York City Human Rights Law ("NYCHRL") by retaliating against him for raising the issue of his supervisor's inappropriate relationship with and preferential treatment of a subordinate. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review *de novo* a 12(b)(6) dismissal for failure to state a claim for relief." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 565 (2d Cir. 2000). The NYCHRL makes it an "unlawful discriminatory practice" for an employer to "retaliate or discriminate in any manner" on the basis of an employee's complaints about unlawful discrimination. N.Y.C. Admin. Code §§ 8-107(1)(a), (7). Courts are directed to

2

construe the provisions of the NYCHRL "liberally for the accomplishment of the uniquely broad and remedial purposes thereof," *id.* § 8-130, but courts may still consider interpretations of similar state or federal provisions as "aids in interpretation [] to the extent that the counterpart provisions are viewed as a floor below which the [NYCHRL] cannot fall," *Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62, 66 (1st Dep't 2009) (internal quotation marks omitted).

To establish a *prima facie* case of retaliation under the NYCHRL, a plaintiff must show that: (1) he participated in a protected activity; (2) the defendant knew about his participation; (3) the defendant took an employment action that disadvantaged the plaintiff *in any manner*; and (4) a causal connection existed between the protected activity and the negative employment action. *See Mayers v. Emigrant Bancorp, Inc.*, 796 F. Supp. 2d 434, 446 (S.D.N.Y. 2011); *see also Williams*, 61 A.D.3d at 69-71. A plaintiff who meets this burden establishes a rebuttable presumption of retaliation. *See El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 932 (2d Cir. 2010).

Drawing all reasonable inferences in Fattoruso's favor, we find that he adequately alleged that he had a reasonable

3

belief that he was opposing illegal practices based on sex. *See Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 210 (2d Cir. 2006) (noting that a plaintiff who makes a complaint to his employer "need only have had a good faith, reasonable belief that he was opposing an [unlawful] employment practice" (quotation marks omitted)).  Although much of Fattoruso's complaint centers around a non-discriminatory relationship between his supervisor, Mr. Crandall, and one of his co-workers, Fattoruso also alleged conduct that could fall under the protection of the NYCHRL.

Specifically, Fattoruso claimed that he "believed that Mr. Crandall was using his power to sexually harass an inferior employee," that he and other women "felt very uncomfortable going to work," that other women at work felt that they might need to exchange sexual favors for work benefits, and that "he believed that Mr. Crandall's . . . conduct was offensive, discriminatory, and created a hostile work environment."  Fattoruso also alleged that he "believed that he was subjected to sex discrimination, as he was a man, and as such would never be able to 'put [his] foot in the door or play that game.'"

However, the district court correctly determined that Fattoruso failed to show that he participated in a protected

4

activity *known to Hilton*.  Fattoruso alleged that he was constructively terminated because he engaged in protected activity by complaining about gender discrimination and a hostile work environment.  However, the conduct Fattoruso complained to Hilton about was not unlawful.[1]  As noted, the basis for Fattoruso's reports to Hilton was a consensual workplace relationship; Fattoruso claimed that his supervisor accorded the woman he was involved with preferential treatment.  While this may have been true, we have squarely held that a "paramour preference" does not constitute unlawful discrimination based on gender.  *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs., P.C.*, No. 12-3489, slip op. at 8-9 (2d Cir. Apr. 26, 2013); *see also DeCintio v. Westchester Cnty. Med. Ctr.*, 807 F.2d 304, 308 (2d Cir. 1986).  As the conduct Fattoruso complained of was not itself unlawful, his complaints did not implicitly give Hilton notice that he was engaging or reasonably believed he was engaging in a protected activity.

Nor does Fattoruso's belief that he was being treated "unfairly" transform his complaints to Hilton into charges

---

[1] The district court rejected Fattoruso's claims related to gender discrimination and sexual harassment in its Opinion and Order.  Fattoruso appeals only from the district court's dismissal of his retaliation claim.

5

over unlawful discrimination.  As Fattoruso's complaints were limited to expressing his dismay over "favoritism with one of the employees," Hilton cannot be expected to have understood Fattoruso to have been complaining about disparate treatment *based on sex* and therefore engaging in protected activity.  *See Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998) ("[I]mplicit in the requirement that the employer have been aware of the protected activity is the requirement that it is understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by Title VII.").

Because Fattoruso's complaints did not implicitly or explicitly alert Hilton that he was complaining of disparate treatment based on sex – and thereby was engaging in a protected activity – Fattoruso fails to establish a *prima facie* case for retaliation under the NYCHRL.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6